## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**WORLD PRAYER TABERNACLE**                          **CIVIL ACTION**

**VERSUS**                                           **No. 22-2289**

**CERTAIN UNDERWRITERS**                             **SECTION I**
**AT LLOYD'S, LONDON ET AL.**

## ORDER & REASONS

Before the Court is plaintiff World Prayer Tabernacle's ("plaintiff") motion[1] to remand the above-captioned matter to the 34th Judicial District Court for the Parish of St. Bernard. Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants plaintiff's motion.

## I.      BACKGROUND

In its petition, plaintiff alleges that defendant Commercial Roofing Company ("CRC") made defective repairs to plaintiff's property after Hurricane Ida and that, as a result of the defective repairs, the property suffered further damage from a windstorm on March 30, 2022.[2] Plaintiff also alleges that its property insurers failed to render timely and adequate compensation for its losses resulting from both storms.[3]

On June 6, 2022, plaintiff filed a petition for damages and declaratory judgment in the 34th Judicial District Court for the Parish of St. Bernard, Louisiana, naming CRC, Certain Underwriters at Lloyd's, London ("Lloyd's"), and QBE

---

[1] R. Doc. No. 7.
[2] R. Doc. No. 1-1.
[3] *Id*. at 5–6.

1

Specialty Insurance Company ("QBE") as defendants.[4] Plaintiff seeks damages resulting from CRC's alleged negligence, breach of contract, and breach of warranty,[5] and damages from Lloyd's and QBE resulting from their alleged breach of insurance contracts[6] and bad faith.[7] Plaintiff also seeks a declaratory judgment to determine what, if anything, it owes to CRC pursuant to their contract for repair.[8]

On July 22, 2022, CRC removed the case to the U.S. District Court for the Eastern District of Louisiana on the basis of diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs.[9] In the notice of removal, CRC pled that it is a corporation organized and operated under the laws of Colorado and that plaintiff is a corporation domiciled in Louisiana.[10] CRC made no mention of the two other named defendants in its notice of removal or in its certificate of interested parties.[11]

On August 9, 2022, plaintiff filed the instant motion to remand.[12] On August 16, 2022, CRC filed an opposition to the motion.[13]

---

[4] *Id.* at 1.
[5] *Id.* at 9–10.
[6] *Id.* at 5–6.
[7] *Id.* at 6–7.
[8] *Id.* at 9.
[9] R. Doc. No. 1, at 1.
[10] *Id.* at 2.
[11] *Id*; R. Doc. No. 2.
[12] R. Doc. No. 7.
[13] R. Doc. No. 10.

## II.    LEGAL STANDARD

A defendant may remove a state civil action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action "is between . . . citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3). The removing party bears the burden of demonstrating that federal jurisdiction exists. *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

"The rule of unanimity requires that all defendants to an action either sign the original petition for removal or timely file written consent to the removal" within thirty days of service of the state court petition upon a defendant. *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015) (citing *Getty Oil Corp., Div. of Texaco. Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n. 11 (5th Cir. 1998)). Courts in the Fifth Circuit have recognized three exceptions to the rule of unanimity: (1) "the non-joining defendant has not been served with service of process at the time the removal petition is filed; (2) the non-joining defendant is merely a nominal or formal party; and, (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)." *Johnson v. Allstate Fire & Cas. Ins. Co.*, No. 20-838, 2020 WL 2570127, at *3 (E.D. La. May 21, 2020) (Morgan, J.) (quoting *Courtney v. Benedetto*, 627 F. Supp. 523, 526 (M.D. La. 1986)). Additionally, the Fifth Circuit has held that exceptional circumstances might permit removal when a party's bad faith efforts have prevented

it. *Ortiz v. Young*, 431 F. App'x 306, 308 (5th Cir. 2011) (citing *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986)). Those instances where the Fifth Circuit has authorized the exercise of "equitable powers to permit a party to consent to removal outside of the statutorily prescribed time frame often concern plaintiff conduct, and not untimely consent to removal by a defendant." *Id.* at 307.

Nonetheless, the Fifth Circuit has noted that a removing defendant's actions in attempting to obtain consent prior to removal are relevant to the "exceptional circumstances" analysis. *Getty*, 841 F.2d at 1263 n.12. In *Getty*, two defendants removed the case, asserting they did not know if the third named defendant had been served. *Id.* The Fifth Circuit directed the district court to determine on remand whether the third defendant had been served at the time of removal and whether the removing defendants had notice of service. *Id.* The Fifth Circuit also instructed the district court to consider the reasonableness of the removing defendants' conduct and whether the circumstances were sufficiently "exceptional" to justify an exception to the rule of unanimity. *Id.*

In assessing whether removal is appropriate, the Court is guided by the principle—grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction—that "removal statute[s] should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The party seeking removal bears the burden of establishing that federal jurisdiction exists and that removal is proper. *Id.*

4

"Defective removal procedure is a proper ground for remand." *Smith v. Union Nat. Life Ins. Co.*, 187 F. Supp. 2d 635, 640 (S.D. Miss. 2001); *see also Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 786 (5th Cir. 1993) (noting that the statutory provision pertaining to motions for remand, 28 U.S.C. § 1447(c), "makes a distinction between procedural defects in removal and lack of subject matter jurisdiction" and that "'any defect in removal procedure' includes any nonjurisdictional [*sic*] defect that existed at the time of removal."); *cf. Watson v. City of Allen, Tx.*, 821 F.3d 634, 639 (5th Cir. 2016) (noting the two "category[ies] of remand order described in § 1447(c)" are those "based on lack of subject matter jurisdiction or defects in removal procedure" (internal quotations omitted)). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014).

### III.   LAW & ANALYSIS

#### A.  Plaintiff's Argument in Support of Remand

Plaintiff argues that the case should be remanded because neither Lloyd's nor QBE joined the notice of removal, and neither Lloyd's nor QBE filed written notice of their consent to the removal.[14] Plaintiff claims that CRC filed a procedurally defective and legally improper notice of removal by failing to join defendants Lloyd's and QBE because both had been served prior to CRC's removal action.[15] Plaintiff argues that

---

[14] R. Doc. No. 7-1, at 1.
[15] *Id.* at 2.

CRC's defective notice cannot be cured because more than thirty days have passed since service of the petition and the time to provide written consent has expired.[16]

CRC,[17] Lloyd's,[18] and QBE[19] were each served through the Louisiana Secretary of State on June 30, 2022. Plaintiff states that CRC failed to join Lloyd's or QBE in its notice of removal on July 22, 2022, even though both parties had been served, and also failed to include Lloyd's or QBE in its certificate of interested parties.[20] Plaintiff also asserts that if there are ambiguities regarding the right to removal, they must be interpreted in favor of remand.[21]

### B. CRC's Arguments in Opposition to the Motion to Remand

In opposition, CRC argues that the Court should not require Lloyd's or QBE's consent for removal to be proper because the state record did not reflect that either party had been properly served at the time of removal.[22] CRC states that after being served and retaining counsel, it ordered a copy of the state court record, filed its notice of removal with the state record attached, and "set off into the abyss trying to ascertain who was retained on behalf of Lloyd's and/or QBE."[23] CRC asserts that because no affidavits of service were filed prior to removal, it did not have notice that Lloyd's or QBE had been served or know whom it should contact despite its "good

---

[16] *Id.* at 1.
[17] R. Doc. No. 1, at 1.
[18] R. Doc. No. 7-3, at 1.
[19] *Id.* at 2.
[20] R. Doc. No. 7-1, at 2.
[21] *Id.* at 3.
[22] R. Doc. No. 10, at 1.
[23] *Id.* at 3.

faith efforts."[24] In CRC's view, plaintiff's failure to file affidavits of service constitutes a "fatal error" that obviates the requirement to seek consent to removal from other defendants.[25]

CRC asserts that while the "rule of unanimity" typically requires all defendants to consent to removal, there are relevant exceptions.[26] CRC cites *Lewis v. Rego Co.*, 757 F.2d 66, 68—69 (3rd Cir. 1985) to argue that its notice of removal falls within the "non-service" exception, which says that defendants who are unserved when the removal petition is filed need not join it.[27] *Getty*, 841 F.2d at 1262 n.9. CRC argues that courts have extended the non-service exception to "scenarios where non-resident defendants have failed to make an appearance in the record at the time of removal."[28] CRC also cites *Wagner, et al. v. Government Employees Insurance Co., et al.*, No. 18-10281, 2019 WL 626430 (E.D. La. Feb 14, 2019) (Brown, C.J.) to assert that the facts here constitute the kind of "exceptional circumstances" that the Fifth Circuit has found would justify departure from the rule of unanimity.[29]

## C. Analysis

The record shows that both Lloyd's and QBE were served via the Secretary of State on June 30, 2022.[30] As properly joined and served defendants, the rule of unanimity requires that both join in the notice of removal. Because neither did so,

---

[24] *Id.* at 4.
[25] *Id.*
[26] *Id.* at 3.
[27] *Id.*
[28] R. Doc. No. 10, at 3.
[29] *Id.*
[30] R. Doc. No. 7-3, at 1–2.

the removal was deficient and the case must be remanded unless an exception to the rule applies.

CRC alleges that the non-service exception applies because both non-resident defendants failed to make an appearance in the record prior to removal.[31] This claim mischaracterizes the non-service exception, which holds that defendants "who are unserved when the removal petition is filed need not join in it." *Getty*, 841 F.2d at 1262 n.9. Because Lloyd's and QBE had both been served when the notice of removal was filed on July 22, 2022, the non-service exception does not apply.

Therefore, absent exceptional circumstances, the case must be remanded to state court. CRC claims that, as in *Wagner*, exceptional circumstances exist because plaintiff failed to file an affidavit of service before CRC filed its Notice of Removal. In *Wagner*, the court found that the plaintiff's failure to file affidavits of service until the day after the notice of removal was filed had the potential to prejudice the defendant, State Farm. *Wagner, et al.*, 2019 WL 626430, at *5. The court reasoned that if plaintiff's delay in filing the affidavits rendered the removal deficient, other plaintiffs might be encouraged to adopt similar dilatory tactics to avoid removal. *Id.* This Court agrees with the gamesmanship concerns raised in *Wagner*. However, CRC

---

[31] R. Doc. No. 10, at 3. CRC cites the Third Circuit's holding in *Rego Co.*, 757 F.2d 66, to support its argument. In fact, *Rego* held that, where a defendant has neither been served nor made an appearance, a statement in the removal petition that the defendant has not made an appearance suffices to bring it within the non-service exception. *Rego*'s application of the non-service exception is inapposite here because defendants Lloyd's and QBE had been served and the notice of removal made no mention of them.

goes too far in its claim that plaintiff's failure to file affidavits of service before removal is a "fatal error" that *alone* justifies a finding of exceptional circumstances.

The *Wagner* court gave considerable weight to State Farm's efforts to obtain consent from its co-defendant,[32] an analysis that aligns with the Fifth Circuit's instructions in *Getty* that, on remand, the district court should assess the "reasonableness of [defendant's] conduct" as part of its larger inquiry into whether the circumstances were sufficiently "exceptional" to justify departure from the rule of unanimity. *Getty*, 841 F.2d at 1262 n.12. State Farm "attempted several times to ascertain whether [the defendant] had been served" and spoke with the plaintiffs on the phone the day before filing its removal notice. *Wagner*, 2019 WL 626430, at *5. Ultimately, the court held that "because State Farm acted on the information before it at the time of removal and sought to obtain consent to removal from all of the defendants," exceptional circumstances permitted removal. *Id*.

In contrast to State Farm's extensive and well-documented good faith efforts to obtain consent, CRC appears to have done little apart from ordering a copy of the state court record on July 9, 2022, nine days after service and a full three weeks before the deadline for removal. At the time, the state court record did not contain affidavits of service for any of the three defendants, yet CRC was aware that at least one party— CRC itself—had been served. If CRC made further efforts to seek information or consent, these efforts are not reflected in the record.

---

[32] *Wagner*, 2019 WL 626430, at *5 ("Additionally, State Farm exhibited multiple good faith efforts by trying to obtain consent from all defendants before filing the Notice of Removal.")

To the contrary, CRC appears to have been content to rest on its claim that "it was impossible . . . to acquire [its co-defendants'] consent or even know that they had been properly served."[33] This Court disagrees; minimal steps, such as a phone call to the plaintiff, would likely have sufficed to determine whether Lloyd's or QBE had been served. Because CRC cannot point to diligent or good faith efforts to obtain the consent of Lloyd's or QBE, and because Lloyd's and QBE did not consent to removal in their subsequent answer[34] to plaintiff's complaint, this Court finds no exceptional circumstances which would justify removal of this case.

## IV.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion[35] to remand is **GRANTED,** and this case is **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana for further proceedings.

New Orleans, Louisiana, October 4, 2022.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[33] R. Doc. No. 10, at 5.
[34] R. Doc. No. 11.
[35] R. Doc. No. 7.

10